■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAYTON A. STONE, Appellant.— Order unanimously reversed and matter remitted to Allegany County Court for a hearing in accordance with the memorandum. Memorandum: Defendant was indicted for burglary, third degree, and petit larceny for allegedly breaking into a country club. Upon arraignment he pleaded not guilty and an attorney was assigned to him. Thereafter he withdrew his not guilty plea, pleaded guilty and was sentenced to 5 to 10 years. In his petition in this *coram nobis* proceeding, which was denied without a hearing, defendant states that his guilty plea was made upon advice of his counsel who had concealed from him the fact that his brother was the president of the country club. It was conceded by the District Attorney upon argument of this appeal that the Judge who made the assignment of counsel knew of this family relationship. This fact raises a serious question as to a possible conflict of interest of defendant's attorney and requires a hearing to determine whether his relationship with one, who would probably be the complaining witness against defendant if the case had proceeded to trial, vitiated the effective aid of assigned counsel. Defendant's right to counsel is guaranteed by the Federal Constitution (*Gideon* v. *Wainwright*, 372 U. S. 335) and a full inquiry should be had at a hearing to determine whether, under all the circumstances, defendant was denied this constitutional right. (Appeal from order of Allegany County Court denying, without a hearing, motion to vacate a judgment of conviction for burglary, third degree, rendered September 16, 1955.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OTIS H. BROWN, Appellant.— Order unanimously affirmed. Memorandum: The petition on its face does not show facts to justify a *Huntley* hearing. Petitioner may renew his application upon proper papers, if so advised. (Appeal from order of Erie County Court denying, without a hearing, motion to vacate a judgment of conviction for kidnapping rendered December 2, 1955.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN W. KENYON, Appellant.— Motion for leave to prosecute appeal as a poor person and for other relief denied. Upon identical factual allegations the issues raised herein have been passed on by this court. (See *People* v. *Kenyon*, 25 A D 2d 619.)